##### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR

## THE COUNTY OF ROCKINGHAM, AUGUST TERM,

### A. D. 1829.

---

### Samuel Whidden *versus* Jonathan Drake and the Town of Potsmouth, his Trustee.

Under the statute of July 2, 1825, process of foreign attachment may be maintained against a town.

Assumpsit on a promissory note made by Drake, dated October 24, 1825, for $60, payable to the plaintiff. It was agreed, on the part of Drake, that he was justly indebted to the plaintiff in the amount of the note. And it was also agreed, on the part of the town of Portsmouth, that on the day when the writ was served, the town was indebted to Drake; and it was further agreed, that if the court should be of opinion that a town could be held as a trustee, judgment should be rendered in favor of the plaintiff for the amount due from the town to Drake.

*C. W. Cutter*, for the town of Portsmouth.

The question is, whether towns are liable to be summoned as trustees under the statute of 1825, chap. 68, section 2 ? We contend, that towns are not corporations within the meaning of that statute. They are bodies politic, with limited powers given by public statutes for purposes purely public, and are only *quasi* corporations. 13 Mass. Rep. 280 & 198 ; 9 ditto, 250.

Towns being only corporations *sub modo,* are not necessarily embraced by the terms of the statute, and the provisions of the statute indicate an intention that only corporations, differing widely in their nature from towns, should be held as trustees. It is enacted, that " said corporation or body politic may be required to disclose on oath by the cashier, or agent, or person conducting the concerns of such corporation." Towns have no cashier. The only business of town agents is to conduct lawsuits. Nor is there any person who can be said to conduct the affairs of the town. The various affairs of these bodies politic are conducted by various appropriate officers, each of whom may contract debts on account of the town. Who then is to make the disclosure on oath ? The town officer who contracted the debt, may be out of office before the suit is brought. Can the town be discharged until all its officers have been examined ? Or may it be discharged upon the disclosure of some particular officer ? If the disclosure of some particular officer is sufficient, how is that officer to be designated ? There may be a just debt due from the town and many of the town officers have no knowledge of it. Indeed, there may be such a debt contracted by a person who has since gone out of office, and none of the existing town officers have any knowledge of it. Can the oath of a person who was formerly in office be received in such a case ?

There is another difficulty. The various town officers are not only constantly contracting debts separately on behalf of the town, but they are constantly paying them separately. Now suppose that after the writ is served upon the proper officer, another officer who contracted the debt pays it without notice of the suit—what is to be done in such a case ? Is the town, notwithstanding the payment, to be held as trustee ?

It is very manifest, that great inconvenience and mischief must result from subjecting to this process a public corporation, whose affairs are conducted by various offi-

cers acting in its different concerns in distinct and separate capacities. It is also clear, that many difficulties must occur in giving effect to the law in such cases. We therefore trust that the town will, in this case, be discharged.

*Hackett*, for the plaintiff.

The opinion of the court was delivered by RICHARDSON, C. J.

The statute of July 2, 1825, provides, "that when any corporation or body politic within this state shall be possessed of any money, goods, chattels, rights or credits of any debtor, such corporation or body politic may be summoned as the trustee of such debtor, &c. and said corporation or body politic may be required to disclose on oath by the cashier, or agent, or person conducting the concerns of such corporation," and the question in this case, is, whether towns can, under this clause in the statute, be legally summoned as trustees of debtors ?

It is very clear, that towns are within the letter of the statute. They are certainly corporations. But there are many cases in the books, where what was clearly within the letter, has been held not to be within the intent and meaning of a statute. There are, also, other cases where what was not within the letter has been held to be within the equity, of a statute. Thus the letter of statutes has been enlarged or restrained according to the true intent and meaning of the makers of the law.

It has been argued, in this case, that, as the person designated in the statute, by whom the corporation may be required to disclose, is the cashier, or agent, or person conducting its concerns, a designation understood in common parlance to apply to one who conducts the affairs of a private corporation ; this affords a strong ground to presume that private corporations alone were in the contemplation of the legislature, and that the statute was intended to be confined in its operation to such corporations. We have attentively examined this argument.

It must be conceded to be a sound rule of construction, that to find the true meaning of a statute, every part must be examined and considered ; and that nothing is more common, than to find a broad general expression in one clause of a statute, limited and restrained by particular expressions in other clauses, indicating an intention of the legislature that the general expression shall be considered in a limited sense.

We have no doubt, that it must be conceded in this case, that the terms by which those, who may be required to disclose, are designated in the statute, are all such as are commonly used to denote persons who conduct the affairs of private corporations, and some of them are exclusively appropriated to denote such persons. But there are other terms used, which may be understood in their common acceptation, to apply to the officers of a public corporation. Thus, by " the person conducting the concerns of such corporation," we may well enough understand a town officer to be intended. It must also be conceded, that the terms used in this clause of the statute, " cashier, or agent, or person conducting the concerns of such corporation," seem to be particularly applicable to corporations, whose concerns are managed by one general agent, and that the affairs of a town cannot be legally so managed. Town officers derive their authority from general laws ; and the powers and duties of each officer and of each class of officers are prescribed by statute, and are in their nature entirely distinct and separate. The selectmen move and act in one sphere, the surveyors of highways in another, and so of the rest. If, then, the statute required that a corporation summoned as a trustee should at all events disclose by a general agent conducting all its affairs, it would have been an argument perfectly conclusive, that towns could not have been intended by the legislature.

But in the first place, we think the circumstance, that the statute enumerates the persons who may be required

to disclose in the singular number, "the cashier, or agent, or person conducting the affairs," is not a sufficient reason why we should hold that the disclosure must be made by a general agent. It is much too slight a foundation for such a construction. It is, in our opinion, a much more reasonable and natural construction, to hold that the intent of the statute was, that any officer, or agent of the corporation who might be supposed to be acquainted with the state of the accounts between the debtor and the corporation, might be required to disclose. For such a provision we can see a good reason; but no reason is perceived why the legislature should have intended to confine the disclosure to a general agent. It seems to us, that the object of this clause in the statute was to give to the plaintiff in the cause, the right to have a disclosure on oath of any officer or agent of the corporation whom he might designate, and to whose conscience he might choose to appeal. When the plaintiff elects to have a disclosure, we have no doubt he must designate the person whose disclosure he requires, and pray that such person may be held to disclose. It is, therefore, manifest, that a disclosure may be as conveniently made on behalf of a town, as of any other corporation.

In the next place, the statute has not made it necessary, that there should be any disclosure at all. The language is, "and said corporation or body politic *may be required* to disclose on oath," &c. and not *shall be required*. It is at the election of the plaintiff to have a disclosure, or not. He may try the question whether the corporation has any goods or effects of the debtor by a jury, if he choose. If, then, the statute had, in express terms, declared that the corporation might be required to disclose by a general agent, it would be an argument of very little weight to show that the intent was that a corporation which had no such agent, should not be summoned as a trustee. A much more natural and reasona-

3

ble construction of such a clause would have been, that it was merely intended to give the benefit of a disclosure in all cases where there might happen to be such an agent, and not to restrict the operation of the statute to corporations which had a general agent.

We have, therefore, no hesitation in saying that we see nothing in this clause of the statute which can warrant us in supposing that the word corporation, in the other clause, was intended to be used in a limited sense to denote private corporations.

Another argument used by counsel in this case to show that the legislature could not have intended to subject towns to this process, is drawn from the inconveniences which it seems to be supposed must inevitably arise from it. It is said that the officers of towns are not only constantly contracting debts on behalf of towns, but constantly paying them, and it is asked, what is to be done if after the writ is served on one officer, another, without notice, pays on behalf of the town what is due to the debtor? It is only necessary at this time, to say, that the proper occasion to settle that question will be when it shall arise in some case. But it may be remarked, that it is a question which may arise as well when the process is against a private corporation or an individual, as when against a town. Thus it may be a question, what is to be done in a case where process has been served upon an individual as a trustee, who had previously ordered the money to be paid to the principal, by an agent, and the agent, after the service of the process, but before the order to pay could be countermanded, has paid the money over to the principal? But it does not seem to us that such a question could, in any case, create any embarrassment. Principles that would do complete justice we have no doubt might be found to govern such a case. And even if a public corporation alone might be placed in that predicament by this process, we should not consider that circumstance as entitled to have any

Whidden
*v.*
Drake.

weight in settling the question, whether the legislature intended this statute should embrace such a corporation.

We are aware that inconveniences may be experienced from subjecting towns to this process. But it does not seem to us that the inconveniences will be any greater in the case of towns, than of any other kind of corporation.

And, on the whole, as towns are within the letter of the statute, and no sound reason is discovered why they should not be considered as within the meaning of the statute, we are of opinion that the town of Portsmouth must be adjudged as trustee in this case.